UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1. UNITED STATES OF AMERICA and<br>2. the STATE OF OKLAHOMA,<br><br>          Plaintiffs,<br><br>          v.<br><br>1. UNION PACIFIC RAILROAD,<br><br>          Defendant. | )<br>)<br>)   COMPLAINT<br>)<br>)<br>)   Civil Action No. _____<br>)<br>)<br>)<br>) |

## COMPLAINT

The United States of America, on behalf of the United States Environmental Protection Agency ("EPA") and the United States Department of the Interior ("Interior"), by and through the United States Fish and Wildlife Service ("USFWS"), and the State of Oklahoma, on behalf of the Oklahoma Department of Environmental Quality ("ODEQ") and the Oklahoma Secretary of the Environment, allege as follows:

### STATEMENT OF THE CASE

1. The United States and the State of Oklahoma bring this civil action under Sections 107 of the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended ("CERCLA"), 42 U.S.C. §§ 9607, and Title 27A O.S. §§1-2-101, 1-3-101, and 2-3-101 for recovery of response costs they have incurred, damages to natural resources, and declaratory relief as a result of releases or threatened releases of hazardous substances at the Double Eagle Superfund Site (the "Site") located in Oklahoma City, Oklahoma.

### JURISDICTION AND VENUE

2. This Court has jurisdiction over the subject matter of this action pursuant to

28 U.S.C. §§ 1331 and 1345, and Sections 107(a) and 113(b) of CERCLA, 42 U.S.C. §§ 9607(a) and 9613(b).

3. Pursuant to 28 U.S.C. § 1391(b) and Sections 107 and 113(b) of CERCLA, 42 U.S.C. §§ 9607 and 9613(b), venue is proper in this judicial district because the releases or threatened releases of hazardous substances that gave rise to this claim occurred in this district and because the Site is located in the Western District of Oklahoma.

4. The State of Oklahoma, on behalf of the Oklahoma Department of Environmental Quality (ODEQ), has authority to bring this action under Section 107 of CERCLA, 42 U.S.C. §9607, and Sections 1-3-101(B) and 2-3-101 et seq. of Title 27A of the Oklahoma Statutes, as the ODEQ is the official agency of the State of Oklahoma with regard to hazardous materials and Superfund sites.

5. The State of Oklahoma, on behalf of the Oklahoma Secretary of the Environment, has authority to bring this action pursuant to Section 107 of CERCLA, 42 U.S.C. §9607, 40 C.F.R. §300.600 and Section 1-2-101 of Title 27A of the Oklahoma Statutes which designates the Secretary of the Environment as the trustee for natural resources for those claims arising under the federal Comprehensive Environmental Response, Compensation and Liability Act.

## FACTUAL ALLEGATIONS

6. The Double Eagle Superfund Site ("the Site") is comprised of approximately 12 acres of land and is located at 301 N. Rhode Island Avenue/1900 N.E. First Street, near the intersection of Martin Luther King and Reno Street in Oklahoma City, Oklahoma.

7. Missouri-Kansas-Texas Railroad Company ("MKT") owned the Site from approximately 1924 to 1972 and leased the property to Double Eagle Refining Company and Double Eagle Lubricants, Inc., for operation of a waste oil re-refining facility. MKT also sent waste oil to the Site for disposal during the facility's operation.

8. MKT was merged into Missouri Pacific Railroad ("Missouri Pacific") in 1989 and Missouri Pacific was merged into Union Pacific Corporation ("Union Pacific"), a/k/a Union Pacific Railroad Company, a Delaware corporation, in about 2003. Union Pacific is a successor to MKT and Missouri Pacific for their liabilities in connection with the Site.

9. The United States Environmental Protection Agency ("EPA") and the State of Oklahoma Department of Environmental Quality ("ODEQ") became involved at the Site beginning in the late 1980's because of its contamination with acidic sludges, metals and other hazardous substances, which originated in the waste oils and waste fuels disposed of there. Some of the contaminants of concern analyzed in the risk assessment included lead, arsenic, polycyclic aromatic hydrocarbons ("PAHs") and chlorinated hydrocarbons, heptachlor and chlordane, 1,2-dichloroethane, trichloroethylene ("TCE"), 1,1,1-Tetrachloroethane, 2-butanone, vinyl chloride, polychlorinated biphenyls ("PCBs"), and alkyl benzenes.

10. EPA added the Site to the National Priorities List of contaminated sites in 1989. 56 *Federal Register* 5600. (March 31, 1989).

11. EPA began a remedial investigation of the Site in 1990, completed a Remedial Investigation/Feasibility Study ("RI/FS") for surface wastes in 1992, and selected a remedy for them under a Record of Decision ("ROD") in that same year, which stated EPA's determination that the Site may have presented imminent and substantial endangerment to public

health, welfare, or the environment. The agency completed an RI/FS for groundwater in 1993 and administratively selected a remedy for it under a second ROD in 1994.

12. EPA and ODEQ conducted the remedial work through contractors. The groundwater remediation work included installation of several monitoring wells at the Site and was completed in 1996. Remedial work on surface waste, begun in 1998 and completed in 1999, consisted of the following: asbestos was abated in 9 buildings and 59 tanks at the Site before their demolition; 44,186 cubic yards of contaminated waste materials were neutralized (acids), solidified (mixed with cement), and stabilized (lead) on-site; the waste was disposed off-site at landfills; and excavated areas were backfilled, re-graded, and re-vegetated.

## STATUTORY PROVISIONS

13. Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), provides, in pertinent part, that:

> (2) any person who at the time of disposal of any hazardous substance owned or operated any facility at which such hazardous substances were disposed of...,
>
> (3) any person who by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, of hazardous substances owned or possessed by such person, by any other party or entity, at any facility or incineration vessel owned or operated by another party or entity and containing such hazardous substances...
>
> from which there is a release, or threatened release which causes the incurrence of response costs, of a hazardous substance, shall be liable for–
>
> > (A) all costs of removal or remedial action incurred by the United States Government or a State or an Indian tribe not inconsistent with the national contingency plan;
> > * * *
> > (C) damages for injury to, destruction of, or loss of natural resources, including the reasonable costs of assessing such injury, destruction, or loss

resulting from such a release; and

(D) the costs of any health assessment, or health effects study carried out under section 9604(i) of this title.

14. Title 27A of the Oklahoma Statutes, Section 1-2-101 authorizes the Oklahoma Secretary of the Environment to act on behalf of the public as trustee for natural resources and is authorized to make claims consistent with the federal enabling acts.

15. Section 113(g)(2)(B) of CERCLA, 42, U.S.C. §9613(g)(2)(B) provides:

....In any such action described in this subsection [an action for recovery of costs under Section 107 of CERCLA], the court shall enter a declaratory judgment on liability for response costs or damages that will be binding on any subsequent action or actions to recover further response costs or damages.

16. The Site is a "facility" within the meaning of Sections 107(a)(2) and 101(9), 42 U.S.C. §§ 9607(a)(2) and 9601(9).

17. The acidic sludges, lead, other heavy metals, xylene, ethylbenzene, TCE and many other contaminants found in the waste oils, waste fuels, and other materials disposed and released at the Site are "hazardous substances" within the meaning of Section 101(14) of CERCLA, 42 U.S.C. § 9601(14). These hazardous substances were disposed of at the Site.

18. Union Pacific is a person, within the meaning of Section 101(21) of CERCLA, 42 U.S.C. § 9601(21).

19. At the time of disposal of hazardous substance at the Site, Union Pacific's merger predecessor, MKT, owned and operated the facility at the Site, within the meaning of Sections 101(20)(A) and 107(a)(2) of CERCLA, 42 U.S.C. §§ 9601(20)(A) and 9607(a)(2).

20. MKT also "arranged for disposal or treatment of hazardous substances" it owned or possessed, within the meaning of Section 107(a)(3) of CERCLA, 42 U.S.C.

§9607(a)(3).

21. There were "releases" and "threatened releases" of hazardous substances," within the meaning of Section 101(22) of CERCLA, 42 U.S.C. § 9601(22), at the Site.

22. In response to these releases, the United States Environmental Protection Agency ("EPA") and the Oklahoma Department of Environmental Quality (ODEQ), as the official agency of the State of Oklahoma with regard to hazardous substances and Superfund sites, have taken response actions at or in connection with the Site under authority granted in Section 104 of CERCLA, 42 U.S.C. § 9604.

23. As a result of EPA's and the ODEQ's response actions, the United States and the State of Oklahoma have incurred unreimbursed response costs, as defined in Sections 101(25) and 107(a) of CERCLA, 42 U.S.C. §§ 9601(25) and 9607(a).

24. The response costs are not inconsistent with the National Contingency Plan, as set forth in 40 C.F.R. Part 300.

25. The releases of hazardous substances at the Site caused injury to, destruction of, or loss of natural resources, as defined in Sections 101(16) and 107(a)(4)(C) of CERCLA, 42 U.S.C. §§ 9601(16) and 9607(a)(4)(C).

### FIRST CLAIM FOR RELIEF
(Recovery of response costs)

26. Plaintiffs incorporate the allegations of paragraphs 1-25 by this reference.

27. EPA has incurred approximately $30.4 million in response costs and accrued interest in connection with the Site.

28. The State of Oklahoma has approximately $1.3 million in unreimbursed response costs in connection with the Site.

29. Union Pacific is liable to Plaintiffs for their unreimbursed response costs incurred and to be incurred by them plus accrued interest in connection with the Site pursuant to Section 107(a)(2) of CERCLA, 42 U.S.C. § 9607(a)(2).

## SECOND CLAIM FOR RELIEF
(Recovery of natural resources damages)

30. Plaintiffs incorporate the allegations of paragraphs 1-25 by this reference.

31. The federal and state trustees for natural resources for this Site are Interior, by and through the USFWS, and the Oklahoma Secretary of the Environment.

32. Those trustees have determined that the releases of hazardous substances at the Site described above have caused injury to, destruction of, or loss of natural resources, including wildlife, habitat, and other resources more fully described in Section 101(16) of CERCLA, 42 U.S.C. § 9601(16), including the reasonable costs of assessing such injury, destruction, or loss resulting from such a release, within the meaning of Section 107(a)(2)(C) and (3)(C) of CERCLA, 42 U.S.C. § 9607(a)(2) and (3).

33. Union Pacific is liable to Plaintiffs for damages to natural resources at the Site pursuant to Sections 107(a)(2)(C) and (3)(C) of CERCLA, 42 U.S.C. § 9607(a)(2)(C) and (3)(C).

## THIRD CLAIM FOR RELIEF
(Declaratory judgement for future response costs)

34. Plaintiffs incorporate the allegations of paragraphs 1-25 by this reference.

35. Plaintiffs may incur additional response costs at or in connection with the Site in the future.

36. Union Pacific would be liable for any future response costs.

37. Plaintiffs are entitled to declaratory judgment for any future response costs, pursuant to Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray that this Court grant the following relief:

1. Enter a judgment on behalf of the Plaintiffs against Defendant for all costs incurred by the United States and the State of Oklahoma for response activities related to the Site, plus interest, pursuant to Section 107 of CERCLA, 42 U.S.C. § 9607;

2. Enter a judgment on behalf of the Plaintiffs against Defendant for the full value of all damages to natural resources caused at the Site, including the costs incurred and to be incurred in the restoration or replacement of natural resources damaged or destroyed due to the release of hazardous substances at the Site, pursuant to Section 107 of CERCLA, 42 U.S.C. § 9607;

3. Grant a declaratory judgment in favor of Plaintiffs against Defendant for future costs of actions to be taken by Plaintiffs to respond to releases or threatened releases of hazardous substances at the Site, pursuant to Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2); and

4. Grant the United States and the State of Oklahoma such other relief as this Court deems just and appropriate.

Respectfully submitted,

by /s/ *signature*
SUE ELLEN WOOLRIDGE
Assistant Attorney General
Environmental and Natural Resources Division
U.S. Department of Justice

        /s/
ERIC G. WILLIAMS (Utah Bar #3484)
Trial Attorney
Environmental Enforcement Section
Environmental and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Ben Franklin Station
Washington, DC  20044
Telephone: (202) 305-0302
Facsimile: (202) 616-6583
eric.williams2@usdoj.gov

**STATE OF OKLAHOMA**

        /s/
ELLEN PHILLIPS (OBA #15852)
Assistant Attorney General
Office of the Attorney General
Environmental Protection Unit
4545 N. Lincoln Boulevard, Ste.260
Oklahoma City, Oklahoma  73105-3498
Telephone: (405) 522-4448
Facsimile: (405) 528-1867
ellen_phillips@oag.state.ok.us

OF COUNSEL

PAMELA TRAVIS (Texas bar #20191700)
Assistant Regional Counsel (6RC-S)
U.S. Environmental Protection Agency
1445 Ross Avenue
Dallas, TX  75202
Telephone: (214) 665-8056
Facsimile: (214) 665-6460
travis.pamela@epa.gov